# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRYAN KEITH RICHARDSON,**

      **Petitioner,**

    v.                         **CIVIL ACTION NO. 5:14cv61**
                                     **(Judge Stamp)**

**RUSSEL PERDUE,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 15, 2014, the *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.C. § 2241, raising claims regarding the conditions of his confinement at FCI Gilmer. As respondents, he named Warden Perdue, Assistant Warden A.W. Smith and "Does 1 through 8." (Doc.1, p.1). On May 30, 2014, the petitioner filed his First Amended Petition for Writ of Habeas Corpus again raising claims regarding the conditions of his confinement at FCI Gilmer. As respondent, he named only Warden Perdue. On June 23, 2014, the petitioner paid the required $5 filing fee. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

The petitioner alleges that he is an over-weight, 54 year old African American, chronic care inmate, who suffers from numerous life threatening health conditions. He further maintains that he receives daily medications for all of his listed medical conditions. The petitioner alleges that prison officials at FCI Gilmer are aware of his medical conditions but go out of their way to inflict harmful,

cruel, inhumane and unreasonable punishments on him which do not advance any legitimate penological or disciplinary interest and are not part of the Bureau of Prisons ("BOP") program manual of available sanctions of punishments. The petitioner alleges that the continual actions of cruel and unusual punishment are causing his health conditions to worsen, and he fears that if prison officials are not ordered to stop by the Court, he will have a severe stroke or die. The petitioner then lists numerous allegations regarding the conditions of his confinement. As examples of the cruel and unusual punishment he alleges are being inflicted on him, the petitioner maintains that: (1) he was placed on what is commonly known as a hitching post on December 23, 2013, for several hours which over-exposed him to the cold winter elements; (2) he was placed on the hitching post on April 19, 2014, which over-exposed him to the hot elements without water and without allowing him to use the restroom;(3) he was placed on the hitching post on April 23, 2014 and was over-exposed to the rainy/cold weather without protective gear; and (4) prison official denied him medical treatment on each of these three occasions. The petitioner also alleges that correctional employees retaliated against him for filing grievances by: (1) verbally assaulting him; (2) placing him in IFRP refusal status; (3) filing false inmate violation reports; (4) forcing him to stand in the rain which caused him to catch a cold and pneumonia; and (5) filing a false SHU lock-up order. The petitioner further alleges that prison officials have been destroying, sanitizing, and withholding all of his exculpatory evidence. Finally, the petitioner alleges that prison officials have denied him meaningful access to the courts by refusing to provide enough typewriters to the inmate legal department, allowing the law library copy machine to remain broken, and refusing to open the legal library as it is scheduled to be opened. For relief, the petitioner asks for an order directing prison officials to provide him with meaningful access to the courts. He also seeks an injunction against prison officials for future retaliation and an order for his immediate removal from FCI Gilmer.

## III. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Here, the petitioner is complaining about the conditions of his confinement. His claims are not an attack on, nor are they related in any way to, the execution of his sentence. To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE** to the respondent's right to file a Bivens action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: July 8, 2014

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE