IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRYAN KEITH RICHARDSON,

      Petitioner,

v.                                Civil Action No. 5:14CV61
                                                (STAMP)

RUSSELL PERDUE,

      Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**
**DISMISSING WITHOUT PREJUDICE THE CIVIL ACTION**

I.  Procedural History

The pro se[1] petitioner, a federal prisoner, filed a petition pursuant to 28 U.S.C. § 2241 ("§ 2241"), alleging claims regarding the conditions of his confinement. He claims that the conditions amount to cruel and unusual punishment. The petitioner further argues that the correctional employees retaliated against him for filing grievances, denied him meaningful access to the courts, and destroyed his evidence.

Magistrate Judge John S. Kaull entered a report and recommendation, recommending that this Court dismiss the petition without prejudice to refiling as an action under Bivens v. Six

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

<u>Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), because his claims are improperly brought under § 2241.

The petitioner then filed objections, arguing that he is not only alleging claims about the conditions of his confinement, but his complaints also arise out of the serious and illegal disciplinary actions of the prison officials. Further, the petitioner argues that the magistrate judge should have recharacterized his complaint as a <u>Bivens</u> action rather than recommending dismissal. The petitioner then alleges that the petitioner's race had a role in the magistrate judge's opinion.

Since the report and recommendation was entered, the petitioner filed a motion for removal from the custody of FCI Gilmore. In that motion, the petitioner alleges that prison officials attempted to contaminate his food and threatened him with death. Further, he believes that prison officials used racial slurs against him. Because of the alleged abuse, the plaintiff seeks to be removed from the custody of FCI Gilmore. For the reasons set forth below, this Court will affirm and adopt the magistrate judge's report and recommendation.

## II. <u>Facts</u>

The petitioner asserts that he is an overweight, 54 year old African-American. He indicates that he suffers from several life threatening health conditions. Despite his allegedly poor health, the petitioner believes that prison officials at FCI Gilmer, where

the petitioner currently is housed, still impose cruel and inhumane punishments upon him. Because of those punishments, the petitioner argues that his health continues to worsen. The petitioner alleges he received several punishments, ranging from being placed on a hitching post and exposed to extreme weather conditions to retaliation by prison officials because he has attempted to file grievances. Further, the petitioner also claims that prison officials inspected and destroyed his exculpatory evidence. Finally, the petitioner also alleges that the prison officials denied him access to the courts. Specifically, he claims that because the prison's law library contains an insufficient amount of typewriters and other administrative problems, the prison essentially denied him access to the courts. Regarding the relief sought, the petitioner requests the following: (1) that this Court enter an order to show cause regarding the prison officials; (2) that this Court enter orders that provide the petitioner with regular access to the law library and his allegedly stolen exculpatory evidence; (3) an injunction against the prison officials concerning the alleged incidents of abuse; and (4) that he be removed from FCI Gilmore so that no further harm occurs.

III. <u>Applicable Law</u>

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

## IV. <u>Discussion</u>

A § 2241 motion is used to attack the manner in which a sentence is executed. <u>See</u> 28 U.S.C. § 2241 (2012). In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. <u>Adams v. United States</u>, F.3d, 132, 135 (2d Cir. 2004); <u>Glaus v. Anderson</u>, 408 F.3d 382, 386 (7th Cir. 2005) ("[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody."). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or speedier release from that confinement." <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 498 (1973). On the other hand, a <u>Bivens</u> action is used to hold federal officers "individually liable for constitutional violations." <u>Starr v. Baca</u>, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a <u>Bivens</u> action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. <u>See</u> <u>Bivens</u>, 403 U.S. at 392-94. Further, "[a]lthough 'more limited in some respects,' a <u>Bivens</u> action is the federal analog to an action against state or local

officials under § 1983." Id. (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

As stated earlier in this opinion, the petitioner alleges, among other things, that violations of his Eighth Amendment rights occurred. Further, the petitioner is a federal inmate alleging issues concerning his conditions of confinement. More importantly, his petition does not assert any claims against the execution of his sentence, which a § 2241 petition serves as the vehicle to do. Rather, because he is alleging violations of his federal rights by federal officials, the petitioner's § 2241 is misplaced. To pursue the claims in his petition, the petitioner should have instead filed an action under Bivens.

In his objection, however, the petitioner claims that rather than dismissing this civil action, this Court has the power to recharacterize his § 2241 petition as a Bivens action. Further, he also claims that the petitioner's race somehow influenced the magistrate judge's decision to recommend dismissal. Regarding the latter claim, this Court finds no evidence to suggest that race played a role in the magistrate judge's decision. Therefore, the petitioner's second objection is without merit and thus overruled.

The petitioner's first objection also lacks merit. District courts should generally evaluate cases as the plaintiffs label them. Glaus, 408 F.3d at 388; see Moore v. Pemberton, 110 F.3d 22, 24 (7th Cir. 1997). That does not mean, however, that recharacterization is automatically disallowed. As stated in Castro v. United States, "[courts may recharacterize a motion] in order to avoid an unnecessary dismissal, . . . to avoid inappropriately stringent application of formal labeling requirements, . . . or to create a better correspondence between the substance of the pro se motion's claim and its underlying legal basis." 540 U.S. 375, 381 (2003). Indeed, the "idea is that the courts' well-established power to recharacterize prisoner complaints to ensure that technicalities do not bar consideration of a valid claim should not be used to penalize pro se litigants for their lack of legal sophistication." Kane v. Winn, 319 F. Supp. 2d 162, 225 (D. Mass. 2004). On the other hand, recharacterization is precluded "in cases where it can have 'serious consequences' for the prisoner." Id. (citing Castro, 540 U.S. at 375). The consequences and differences include, for example, those found under the Prison Litigation Reform Act's "three strike rule," the amount of the filing fee, certain exhaustion requirements, and restrictions on "second or successive" lawsuits. See Glaus, 408 F.3d at 388; see also Castro, 540 U.S. at 382. Furthermore, the Supreme Court of the United States held in

<u>Castro</u> that the lower courts are limited in their power to recharacterize in the following way:

> The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions

540 U.S. at 383. Although <u>Castro</u> involved the recharacterization of a <u>pro se</u> litigant's civil rights claim into a § 2255 petition, other courts have applied its logic when involving the potential conversion of a habeas corpus petition into a civil rights claim. <u>See, e.g.</u>, <u>Spencer v. Haynes</u>, 2014 WL 7172045 (8th Cir. Dec. 17, 2014); <u>Glaus</u>, 408 F.3d at 388; <u>Bunn v. Conley</u>, 309 F.3d 1002 (7th Cir. 2002); <u>Davis v. Johns</u>, 5:10CV2189, 2011 WL 2669270, at *3 (E.D.N.C. July 7, 2011). Furthermore, although a <u>pro se</u> litigant's filings are often held to a less stringent pleading standard, they still "bear some responsibility for identifying their claims." <u>Davis</u>, 2011 WL 2669270 at *3 (citing <u>Martin v. Overton</u>, 391 F.3d 710, 714 (6th Cir. 2004)).

In this civil action, the petitioner's petition is not amenable to be recharacterized as a <u>Bivens</u> action. First, although the petitioner seeks injunctive relief, which is a proper remedy

under a <u>Bivens</u> claim, the warden would be an improper defendant. See <u>Glaus</u>, 408 F.3d at 389 ("Like state prisoners suing under § 1983, federal prisoners suing under <u>Bivens</u> may sue relevant officials in their individual capacity only"); <u>see also</u> <u>Moore v. Pemberton</u>, 110 F.3d 22, 23-24 (7th Cir. 1997) ("the right defendants in a § 1983 suit are the persons whose wrongful acts harmed the plaintiff (and the warden is rarely a proper defendant, because he is not vicariously liable for subordinates' acts).").

Furthermore, the petitioner seeks much more than injunctive relief. The petitioner here also requests that he be "provided access" to the courts and that he be immediately removed from incarceration at FCI Gilmore. Thus, it is clear that he is "seeking immediate release or speedier release from that confinement," which is the relief sought by a habeas corpus petition. <u>Preiser</u>, 411 U.S. at 498. More importantly, this Court is concerned about the "serious consequences" that may accompany a recharacterization of the petitioner's petition. The petitioner is correct in pointing out that this Court may have the power to recharacterize a motion, but that does not mean this Court must do so. Accordingly, this Court overrules the petitioner's objection.

## V. <u>Conclusion</u>

For the reasons described above, the report and recommendation by the magistrate judge is AFFIRMED AND ADOPTED. ECF No. 20. Accordingly, the petitioner's petition is DISMISSED WITHOUT

PREJUDICE[2] and his objections are OVERRULED.   ECF Nos. 22 and 23.[3]

Accordingly, all pending motions are hereby DENIED AS MOOT.

Further, it is ORDERED that this civil action be DISMISSED and

STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this

Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he

must file a notice of appeal with the Clerk of this Court within 60

days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum

opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment

on this matter.

DATED:    January 8, 2015


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[2]The dismissal without prejudice of the petitioner's petition
does not in any way limit the petitioner's right to file a Bivens
action.  Further, this Court expresses no opinion as to the merits
of any such action if filed.

[3]It should be noted that two copies of the same objections
were filed because the petitioner sent one to the Clerk of Court
and one to this Court's chambers.